UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ZAKIRUNNISA KHAN                                CIVIL ACTION

VERSUS                                          NO. 07-8115

ZURICH AMERICAN INSURANCE COMPANY               SECTION B(2)

ORDER AND REASONS

Before the Court is Defendant Assurance Company of America's Motion for Partial Summary Judgment on the issues of La. Rev. Stat. Ann § 22:658 and 22:1220. (Rec. Doc. 14). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment is **DENIED** without prejudice to re-urge after completion of discovery.

*BACKGROUND*

Plaintiff, Zakirunnisa Khan ("Plaintiff"), owns immovable property[1] located at 2608 Angelique Drive, Violet, Louisiana, which was damaged during Hurricane Katrina. The property was covered by an insurance policy issued by defendant, Assurance Company of America ("Defendant"). The policy covered wind damage, but excluded damages caused by water. The face of the policy shows a coverage amount up to $300,000. Plaintiff filed a complaint with Defendant under the policy on September 19, 2005. Defendant hired an independent adjuster, Crawley Adjusting Services ("Crawley"),

---

[1] Khan is a real estate investor. The property was a four-plex which was under construction when damaged.

1

who inspected the property on October 12, 2005. Crawley found the property had suffered severe flooding as well as wind damage. Defendant contacted Dressler Consulting Engineers ("Dressler") to evaluate the property and separate wind and water damages. Dressler inspected the property on October 29, 2005, and provided its report on February 9, 2006, to defendants. Plaintiff supplied Defendant with an estimate of the damages in early February 2006 in the amount of $185,440 (Rec. Doc. 14-7, p.24). Defendant issued a check for Plaintiff's claim on March 29, 2006, for damages in the amount of $25,395.93. Defendant alleges the check was returned and voided in May 2006. Plaintiff alleges that the check must have been sent to the wrong address. Defendant re-issued a check the same day it received the old check. On May 9, 2006, Defendant provided an itemized summary of coverage for Plaintiff's claim.

On August 29, 2007, Plaintiff filed a petition in the 34th JDC against Defendant. The case was subsequently removed to this Court on November 06, 2007. Plaintiff's petition alleges that Defendant grossly underestimated the scope of damages incurred by Plaintiff. Plaintiff further contends that she is entitled to recover from Defendant losses in accordance with La. Rev. Stat. Ann § 22:658 and 22:1220.

Defendant claims that it has complied with its duties as an insurer and has not violated La. Rev. Stat. Ann § 22:658 and 22:1220 by acting arbitrarily and capriciously in its handling of plaintiff's claim.

Plaintiff argues that with such minimal discovery having taken

place and with over two months remaining in discovery (at the time of filing) that she is entitled to a Rule 56(f) continuance/denial of the summary judgment.

## DISCUSSION

**A.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-movant, raises no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The movant bears the initial burden of showing the absence of any genuine dispute of material fact by identifying relevant portions of the pleadings and the evidence.  *See id.; Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A genuine issue of material fact exists if the evidence presented would allow a reasonable verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  While the Court must regard the non-movant's statements as true and construe all inferences in the non-movant's favor, the non-movant must support its position with something more than "a scintilla of evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986).  The Court should grant summary judgment if the non-movant fails to proffer "evidence on which the jury could reasonably find for the [non-movant]." *Id*. at 252.

**B. LEGAL STANDARD FOR Rule 56(f)**

Fed. R. Civ. P. 56(f) provides:

f) When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified

3

reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

Rule 56(f) is an alternative response in opposition to a motion for summary judgment which is designed to protect non-moving parties against premature summary judgment dismissals. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir.1990)(*citing* 10A Wright, Miller, and Kane, *Federal Practice and Procedure* § 2740 (1983)). Motions made under Rule 56(f) are generally favored and should be liberally granted. *Stearns v. BancTexas Group, Inc.*, 989 F.2d 1435, 1441 (5th Cir. 1999). However, the non-moving party cannot "rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). "[T]he appropriate way to raise the issue is for the party opposing the motion for summary judgment" to submit affidavits presenting specific reasons why the party cannot provide material in opposition. *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719(5th Cir. 1999). The non-movant must present evidence which specifically demonstrates "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Washington,*

4

901 F.2d at 1286 (*quoting Securities and Exchange Commission v. Spence & Green Chemical Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). However, a party who fails to diligently pursue discovery is not entitled to relief under Rule 56(f). *Beattie*, 254 F.3d at 606.

**C.  La. Rev. Stat. Ann § 22:658 and 22:1220**

Plaintiff's original complaint seeks damages pursuant to La. Rev. Stat. Ann § 22:658 and 22:1220. La. Rev. Stat. Ann. § 22:658 provides:

> A.(1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, 657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.
>
> (3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.
>
> (4) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.
>
> B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such

> payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

La. Rev. Stat. Ann. § 22:658. Additionally, La. Rev. Stat. Ann § 22:1220 provides:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
>
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
>
> (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
>
> (4) Misleading a claimant as to the applicable prescriptive period.
>
> (5) Failing to pay the amount of any claim due any person

>insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
>
>(6) Failing to pay claims pursuant to R.S. 22:658.2 when such failure is arbitrary, capricious, or without probable cause.

La. Rev. Stat. Ann § 22:1220.

Defendant's Motion for Partial Summary Judgment only addresses Plaintiff's claims under La. Rev. Stat. Ann. 22:658 and 22:1220 and does not speak to any other possible claims or issues involved in the matter. Defendant argues, in support of its Motion for Summary Judgment, that based on the evidence presented there are no material issues of fact surrounding the Plaintiff's allegations of arbitrary and capricious behavior by Defendant. Its argument hinges on the claim that Defendant's active and lengthy investigation of the Plaintiff's claim was not arbitrary and capricious because it had a reasonable question as to the extent and causation of the claim. On the other hand, Plaintiff argues that Defendant has not painted a full picture in its motion. Plaintiff does not oppose Defendant's motion for summary judgment solely by presenting specific evidence which may represent a genuine issue of material fact. Rather, Plaintiff contends that in such an early stage of discovery, she has not had enough time to gather sufficient facts to properly respond to Defendant's motion for summary judgment. Thus, Plaintiff argues that pursuant to Fed. R. Civ. P. 56(f) the motion should be denied.

Sections 22:658 and 22:1220 are similar in that both are penal

in nature and allow the insured to sue for breach of duties. *Matter of Hannover Corp. of America*, 67 F.3d 70, 73-75 (5th Cir. 1995). The main difference between the statutes is the time periods allowed for payment. *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So2d 1012, 1020 (La. 2003); *Sher v. Lafayette Ins. Co.*, 2008 WL 928486, at *17-18 (La. 2008). Three elements must be established for a plaintiff to recover statutory penalties under La. Rev. Stat. Ann. § 22:1220 and 22:658: (1) the insurer must receive a satisfactory proof of loss; (2) the insurer must fail to pay the claim within the applicable statuary period; and (3) the insurer's failure to pay must be arbitrary, capricious or without probable cause. *Shadow Lake Management Co., v. Landmark American Insurance Co.,* 2007 WL 1959236, at *3 (E.D. La. 2007)(*citing Boudreaux v. State Farm Mut. Auto. Ins. Co.*, 896 So.2d 230, 233(La. App. 4 Cir. 2/2/05).

The first issue to be decided is whether the Defendant received satisfactory proof of loss. Satisfactory proof of loss occurs when the insurer has adequate knowledge of the loss. *Hannover*, 67 F.3d at 73. Satisfactory proof of loss is a flexible requirement under Louisiana law. *Austin v. Parker*, 672 F.2d 508, 520 (5th Cir. 1982). The insurer only has to receive enough information to act. *Id*. Thus, the statute does not require any formal style of proof; it only requires the insurer have actual knowledge of the claim. *Id*.

Plaintiff contends there is a factual dispute between the

parities as Plaintiff alleges that Defendant never established in its pleading or otherwise the exact date when it received satisfactory proof of loss. However, Defendant in its motion seems to recognize the date of proof of loss as September 19, 2005 – the date Plaintiff filed a claim with Defendant. (Rec. Doc. 14-2 p.9, Rec. Doc. 14-7, p. 2). Even if Defendant did not recognize September 19, 2005, as the date of its receipt of adequate proof of loss, it is clear it was able to build satisfactory proof of loss beginning around November 13, 2005, when Defendant received a report of the property damage from its independent adjuster, Crawley Adjusting Services. The Crawley report gave a detailed estimate of the quantities of materials and labor needed to repair the property. Subsequently, an additional report was completed by Dressler Consulting Engineers, which was available to Defendants on February 9, 2006. Sometime in early February, Plaintiff sent Defendant an itemized estimation of the damage it received. Thus, by February 13, 2006, Defendant had an independent adjustor's report, Plaintiff's Contractor's report estimating the damages, and the Dressler report. Given the liberal requirements pertaining to proof of loss, the Court could find that Defendant received sufficient proof of loss on February 13, 2006.

The second element is whether the insurer failed to pay the claim within the applicable statuary period. As previously noted, the main difference between these two statutes is the difference in time period allowed for payment. Specifically, under La. R.S. 22:658, the insurer must pay the claim within 30 days of receiving

satisfactory proof of loss, while La. R.S. 22:1220 allows for a longer 60-day period. *Calogero v. Safeway Ins. Co. of La.*, 753 So.2d 170, 174 (La. 2000). The running of the statutory limit begins when the insurer receives a satisfactory proof of loss. *Shadow Lake Mgt. Co. v. Landmark Amer. Ins. Co.*, 2007 WL 1959236, at *3 (E.D. La. 2007).

In the instant case, plaintiff states in her affidavit that she was not paid until May of 2006 (Rec. Doc. 18, ex.1, p.1), well past the statutory deadlines set by La. Rev. Stat. Ann. 22:658 and 22:1220. However, Defendant's posture is that it issued a check to Plaintiff on March 29, 2006, – outside the 30 day requirement but inside the 60 day requirement – which the Defendant alleges it received back voided on May 9, 2006. A good argument for allowing more time for discovery can be made on the statutory time limit alone. Because Plaintiff does not have access to certain matters which may come out in discovery, such as more information on payment dates and why the alleged check was never received by Plaintiff, then according to the jurisprudence surrounding Rule 56(f) extensions and drawing inferences in the light most favorable to non-moving party, the Plaintiff could be allowed more time for discovery.

The final element is whether the insurance company's failure to pay was arbitrary, capricious, or without probable cause. This issue has been recently discussed by the Louisiana Supreme Court in *Sher*, in which the Court said:

> Both R.S. 22:658 and R.S. 22:1220 require proof that the

> insurer was "arbitrary, capricious, or without probable cause," a phrase that is synonymous with "vexatious." This court has noted that "vexatious refusal to pay" means unjustified, without reasonable or probable cause or excuse. Both phrases describe an insurer whose willful refusal of a claim is not based on a good-faith defense.

*Sher*, 2008 WL 928486, at *17-18 (*citing Reed v. State Farm Mutual Automobile Insurance Company*, 857 So.2d 1012, 1020-21 (La. 2003)). If the defendant has a reasonable basis to defend a claim, statutory penalties are inappropriate. *Reed*, 857 So.2d at 1021. A serious dispute as to the nature of loss or the quantum will preclude a finding that the insurer has acted veraciously. *Husseiny v. Independent Fire Ins.*, 1996 WL 637547, at *5 (E.D. La. 1996). "Especially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist." *Sher*, 2008 WL 928486, at *17. To determine if the defendant has acted vexatiously, "the facts known to the insurer at [the] time of the action" must be established. *Id*. at *18. Thus, the threshold issue "is whether the insurer acted reasonably in failing to timely pay the claim once the insurer had adequate knowledge of the loss." *Matter of Hannover Corp. of America*, 67 F.3d 70, 73 (5th Cir. 1995).

Cases which turn on state of mind are often inappropriate for summary judgment. *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1449 (5th Cir.1993). However, even though granting of summary judgment for an issue based on intent is rare, it can be done if

11

"the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Id*. In the instant case, Plaintiff argues that she needs additional information to establish whether or not Defendant acted in an arbitrary or capricious manner. The Court agrees. Although the Defendant's affidavit from Tom Kaye does seem to establish a decent showing of the facts known to Defendant, Kaye mostly characterizes the claims file, none of which has been available to Plaintiff. Thus, additional discovery seeking information related to the facts known to Defendant at the time of the action is essential to Plaintiff making a claim for penalties under La. Rev. Stat. Ann. 22:658 and 22:1220.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment (Rec. Doc. 14) is **DENIED** without prejudice to re-urge after completion of discovery.

New Orleans, Louisiana this 26th day of August, 2008.

UNITED STATES DISTRICT JUDGE

12